UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ADAM SCHULTE,

                      Petitioner,

        -against-

WILLIAM BARR,

                      Respondent.

20-CV-9244 (JPO)

ORDER OF DISMISSAL

---

J. PAUL OETKEN, United States District Judge:

    Petitioner Joshua Adam Schulte brings this *pro se* petition under 28 U.S.C. § 2241, challenging his "indefinite pretrial incarceration at the Metropolitan Correctional Center (MCC)." (Dkt. No. 2 at 10.) Schulte is currently detained at the MCC, pending trial in a criminal case in this court before Judge Crotty, in which Schulte is represented by counsel. *See United States v. Schulte*, No. 17-cr-0548 (S.D.N.Y.).

    By order dated November 30, 2020, Chief Judge Colleen McMahon granted Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court denies the petition.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

(internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On March 9, 2020, a jury convicted Schulte on two counts from a second superseding indictment (making false statements and contempt of court) but failed to reach a verdict on the remaining eight counts (related to leaking classified documents to WikiLeaks).  (Crim. Dkt. No. 351.)  On June 8, 2020, the Government filed a third superseding indictment.  (*Id.* No. 405.)

Schulte now challenges the conditions of his release ordered in 2017 by Judge Crotty, claiming that the conditions were "overbroad, excessive and unconstitutional."  (Dkt. No. 2 at 18.)  He also claims that Judge Crotty's decision to revoke his bail was unconstitutional.  (Dkt. No. 2 at 33.)  Schulte brings this new action seeking a review of Judge Crotty's decisions regarding the conditions of his release and the revocation of bail, and he requests release pending trial.  (Dkt No. 2 at 41–42.)  Though he concedes that he may be detained based on his conviction, he argues that he could "proceed to sentenc[ing] and file for an appeal" before his trial on the remaining counts.  (Dkt No. 2 at 42.)

## DISCUSSION

**A.     The Court will not intervene in Schulte's criminal proceedings**

This petition requests intervention in Schulte's pending criminal proceedings.  Because the Court will not intervene in those proceedings under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), the petition is denied.

In *Younger v. Harris*, the Supreme Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances.  Many courts have

extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin federal prosecutions. This extension relies on one basis of *Younger*'s holding: Federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44. As the Supreme Court stated in an earlier case:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, when asked to intervene in pending federal criminal proceedings, courts have inevitably refused. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37–38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v. Salina*, No. 18-CV-6060, 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018) (dismissing petition under § 2241 that sought release from custody and dismissal of pending federal criminal charges: "While *Younger* involved a case where a federal court was asked to interfere in a pending state criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a federal criminal action."); *Kajtazi v. Johnson-Skinner*, No. 16-

CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017) ("Because there are adequate remedies available to [Petitioner] within the underlying criminal proceedings to address the issues raised in his Complaint, the application for an injunction is properly dismissed.") (citation and internal quotation marks and alterations omitted); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671 (2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin prosecution of indictment: "Campbell has raised the constitutional question here involved in the criminal case by his demurrers, and that question can be decided as well there as on the equity side of the court.  Campbell has, therefore, an adequate remedy at law – that it may not be such an agreeable remedy from his point of view is beside the point.").

As Schulte asks this Court to intervene in a pending criminal matter before Judge Crotty, in which he is represented by counsel, the Court concludes that the *Younger* doctrine applies, declines to intervene, and denies the petition on this basis.

**B.       Section 2241 is not a proper vehicle to challenge Schulte's conviction**

To the extent Schulte seeks to challenge his conviction on the two counts from the second superseding indictment, for which he has not yet been sentenced, the Court notes that a petition under § 2241 is also not the proper vehicle to do so.  Although district courts generally construe petitions challenging the constitutionality of a conviction as properly raised in a 28 U.S.C. § 2255 motion, *see Zuniga v. Sposato*, No. 11-CV-1045, 2011 WL 1336396, at *2 (E.D.N.Y. Apr. 7, 2011) (discussing when to construe motion as brought under § 2255); *United States v. Gonzalez*, No. 00-CR-0447 (DLC), 2001 WL 987866, at * 2 (S.D.N.Y. Aug. 30, 2001) (same), a § 2255 motion is not the proper vehicle to challenge a federal conviction for a federal prisoner who has not yet been sentenced, *see Stantini v. United States*, 140 F.3d 424, 426 (2d Cir. 1998) (holding that a challenge to the validity of the conviction by a federal prisoner not yet sentenced

"is not properly considered a § 2255 motion"); *see also United States v. Gonzalez*, 291 F. App'x 392, 394 (2d Cir. 2008) ("Because [the petitioner] made the motion while awaiting resentencing, and hence not while 'under sentence of a court,' the motion was not made under Section 2255.") (citing *Stantini*, 140 F.3d at 426).  In other words, where the federal prisoner has been convicted but not sentenced, construing a submission as brought under § 2255 would be futile because the § 2255 motion would be dismissed as prematurely filed.  *See, e.g.*, *United States v. Montilla*, 85 F. App'x 227, 229 (2d Cir. 2003) (noting that district court dismissed petition brought under both § 2255 and § 2241 "on the ground that such relief was premature because [the petitioner] had not been sentenced").

Moreover, a petition under § 2241 is also not the proper vehicle to challenge the validity of a pre-judgment conviction because the challenge does not concern the execution of a sentence.  Under § 2241, federal prisoners may challenge the execution of a federal sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  And in rare circumstances, a federal prisoner may bring a petition under § 2241 seeking relief from a federal conviction or sentence, if he can show that § 2255 is "inadequate or effective to test the legality of his detention."  28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997); *see also Gonzalez*, 291 F. App'x at 394 (noting that a petition challenging "the validity of [ ] conviction rather than the execution of [a] sentence . . . was not a petition brought under Section 2241"); *Gonzalez*, 2001 WL 987866, at *3 (holding that "the filing of a pre-sentence petition pursuant to Section 2241 to challenge the effectiveness of trial counsel is not appropriate") (citing *United States v. Pirro*, 104 F.3d 297

(9th Cir. 1997)).  Moreover, the fact that a federal prisoner must wait until after he has been sentenced to bring a § 2255 motion does not render § 2255 "inadequate or ineffective" under § 2255(e).  *See, e.g.*, *Zuniga*, 2011 WL 13336396, at *2 (collecting cases); *Gonzalez*, 2001 WL 987866, at *3.  Thus, Petitioner must wait until after he is sentenced to challenge the validity of his judgment of conviction.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.  The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   December 7, 2020
         New York, New York

_____
J. PAUL OETKEN
United States District Judge